IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Aaron J. Rakhra, | NO. C 09-02321 JW |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
|   v. | **MOTION TO DISMISS WITH** |
| U. S. District Court, et al., | **PREJUDICE; DENYING PLAINTIFF'S** |
| | **REQUEST FOR ENTRY OF DEFAULT** |
|     Defendants. | **AND DEFAULT JUDGMENT** |

## I. INTRODUCTION

Aaron J. Rakhra ("Plaintiff"), proceeding *pro se*, brings this action against the United States District Court and Judge Ronald M. Whyte (collectively, "Defendants"), alleging common law negligence and fraud. Plaintiff alleges that Defendants illegally and fraudulently set aside an entry of default judgment in favor of Plaintiff.

Presently before the Court are Defendants' Motion to Dismiss,[1] and Plaintiff's Request for Entry of Default and Default Judgment.[2] The Court conducted a hearing on July 6, 2009. Counsel appeared on behalf of Defendants. Plaintiff failed to appear. Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motion to Dismiss with prejudice and DENIES Plaintiff's Request for Entry of Default and Default Judgment.

---

[1] (hereafter, "Motion," Docket Item No. 4.)

[2] (See Docket Item No. 6.)

## II. BACKGROUND

In a Complaint filed on April 8, 2009,[3] Plaintiff alleges as follows:

Plaintiff is a resident of Monte Sereno, California.[4] Defendant Judge Ronald Whyte is a District Court Judge of the Northern District of California, San Jose Division. (Id.)

In 1994, Plaintiff was granted a default judgment for $28,900 in a civil case. (Complaint at 1.) While Plaintiff was in the process of trying to collect his award, Defendants set aside Plaintiff's default judgment, which forced Plaintiff to "return the games." (Id. at 2, 7.) Returning the games cost Plaintiff $500. (Id. at 2.)

On the basis of the allegations outlined above, Plaintiff alleges common law negligence and fraud. (Complaint at 4-5.)

Presently before the Court are Defendants' Motion to Dismiss and Plaintiff's Request for Default Judgment.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

---

[3] Plaintiff originally filed this case in Santa Clara County Superior Court. (See Notice of Removal, Docket Item No. 1.)

[4] (Notice of Removal, Ex. A at 2, hereafter, "Complaint," Docket Item No. 1.)

2

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint with prejudice on the ground that, *inter alia*, Defendants are entitled to absolute immunity. (Motion at 2-4.)

A court may grant absolute immunity on a Rule 12(b)(6) motion when it is apparent from the face of the complaint that absolute immunity applies. See Arizona Minority Coalition for Fair Redistricting v. Arizona, 366 F. Supp. 2d 887, 908 n.19 (2005). However, "[t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n.4 (1993) (quoting Burns v. Reed, 500 U.S. 478, 486-87 (1991)).

Judges have absolute immunity from civil liability or damages for their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991). A judicial act is one that is related to the normal functions of a judge and one in which a party would expect to deal with a judge in his or her judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 386 U.S. 547, 554 (1967). The two exceptions to judicial immunity are when a judge acts outside of his or her judicial capacity and when acts are committed in the complete absence of jurisdiction. Mireles, 502 U.S. at 11-12.

Here, Plaintiff alleges that Defendants "illegally set aside a default judgment against a defendant." (Complaint at 1.) The Complaint acknowledges that the default judgment in Plaintiff's 1994 case was set aside because the defendant had not been properly served. (Complaint at 5.)

3

Setting aside a default judgment is a normal function of a judge. <u>See</u> Fed. R. Civ. P. Rule 55(c). Thus, based on the allegations, the Court finds Defendants are entitled to absolute judicial immunity.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss with prejudice.[5]

### V.  CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss with prejudice and DENIES Plaintiff's Request for Entry of Default and Default Judgment. Judgment shall be entered accordingly.

Dated:  July 9, 2009

JAMES WARE
United States District Judge

---

[5] In light of the Court's dismissal of Plaintiff's action with prejudice, it need not address Plaintiff's Request for Entry of Default and Default Judgment.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Claire T. Cormier claire.cormier@usdoj.gov

Aaron Rakhra
16022 Rose Avenue
Monte Sereno, CA 95030

**Dated: July 9, 2009**                                         **Richard W. Wieking, Clerk**

                          **By:**   **/s/ JW Chambers**
                              **Elizabeth Garcia**
                              **Courtroom Deputy**